CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 26 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON MATTHEW MORAN, | ) | Civil Action No. 7:10-cv-00012 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, AUGUSTA CORR. CTR., | ) | By: Hon. Jackson L. Kiser |
|     Respondent. | ) | Senior United States District Judge |

Petitioner Jason Matthew Moran, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges a violation of his Sixth Amendment right to a speedy trial ineffective assistance of counsel. The respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion and dismiss the petition.

I.

Petitioner is being held pursuant to a final judgment entered on February 6, 2009, by the Circuit Court of Prince William County. The circuit court convicted him after his guilty plea to second-degree murder, use of a firearm in the commission of murder, and four counts of discharging a firearm at an occupied dwelling.[1] The circuit court sentenced petitioner to a total of 83 years in prison with 48 years suspended. Petitioner did not appeal his convictions.

Petitioner filed his petition for writ of habeas corpus in the Supreme Court of Virginia in February 2009. Petitioner argued that (1) trial counsel was ineffective for waiving his Sixth Amendment right to a speedy trial without his consent and that (2) the circuit court erred by

---

[1] Petitioner was originally charged with first-degree murder but pleaded guilty to second-degree murder.

failing to ensure that petitioner's trial was held within the speedy trial guidelines.[2] The Supreme Court of Virginia dismissed the habeas petition in August 2009. The Supreme Court of Virginia rejected claim (1) because "petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." Moran v. Dir., Dept. of Corr., No. 090380, slip op. at 1 (Va. Aug. 6, 2009). The Supreme Court of Virginia considered claim (2) barred because petitioner's "voluntary and intelligent guilty plea waive[d] all non-jurisdictional defenses antecedent to a guilty plea." Id.

Petitioner timely filed his federal habeas petition in December 2009. Petitioner alleges that his Sixth Amendment right to a speedy trial was violated and that trial counsel provided ineffective assistance for waiving his Sixth Amendment right to a speedy trial without his consent. (Pet. 4, 6.)

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."[3] 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an

---

[2] Petitioner did not identify in his state habeas petition the source of his alleged right to speedy trial. However, petitioner later amended the petition, referencing violations of his Sixth Amendment and state statutory rights to a speedy trial.

[3] Respondent argues that petitioner did not exhaust his Sixth Amendment speedy trial claim with the Supreme Court of Virginia. A review of petitioner's state habeas petition and amendment reveals that petitioner argued to that court that his attorney's alleged ineffectiveness and the circuit court's order violated his Sixth Amendment right to a speedy trial. Therefore, I find petitioner presented the Sixth Amendment claim in his state habeas petition as he now presents in his federal habeas petition.

2

unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

A.

Petitioner argued to the Supreme Court of Virginia that his right to a speedy trial was violated. Petitioner presently argues in his first claim that his right to a speedy trial, pursuant to the Sixth Amendment of the United States Constitution, was violated. The Supreme Court of

3

Virginia addressed the claim as accruing under Virginia Code § 19.2-243[4] instead of addressing it specifically as a Sixth Amendment claim.

Unlike the state statute, the Sixth Amendment right to a speedy trial does not require a trial to commence within a specific number of days, and the United States Supreme Court has refused to quantify a specific time period. Vermont v. Brillon, 129 S. Ct. 1283, 1290 (2009). Instead, the Supreme Court uses a "balancing test, in which the conduct of both the prosecution and the defendant are weighed." Barker v. Wingo, 407 U.S. 514, 529 (1972). "'[S]ome of the factors' that courts should weigh include '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" Brillon, 129 S. Ct. at 1290 (quoting Barker, 407 U.S. at 529). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530.

In this case, the time between petitioner's preliminary hearing and guilty plea was less than six-months, far less than the one-year triggering period. Furthermore, the reason for the delay was the continuance caused by counsel's unavailability. This delay is charged against petitioner. See Brillon, 129 S. Ct. at 1290-91 ("Because 'the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation,' delay caused by the defendant's counsel is also charged against the defendant."). Moreover, as discussed infra, petitioner did not suffer any prejudice because he waived this claim upon entering his guilty plea. See infra. After

---

[4]Va. Code § 19.2-243 requires that trial commence within five months of the preliminary hearing or, absent a preliminary hearing, within five months of the indictment. "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). Petitioner's preliminary hearing was held on May 8, 2008, so petitioner's state statutory right to speedy trial ran on October 8, 2008. Petitioner entered his guilty plea on October 20, 2008.

considering the Barker factors, petitioner fails to establish that the circuit court violated his Sixth Amendment right to a speedy trial.

B.

Petitioner alleges in his second claim that counsel was ineffective for waiving petitioner's Sixth Amendment right to a speedy trial without his consent and while he was not present in the courtroom. The Supreme Court of Virginia dismissed this claim as barred by Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (Va. 1969), which holds that a voluntary and intelligent guilty plea waives all non-jurisdictional defects preceding the guilty plea.

This ruling is not contrary to, or an unreasonable application of, established federal law. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See Hill v. Ozmint, 339 F.3d 187, 196 (4th Cir. 2003) (holding that state court decision is entitled to deference even though state court cited only state law rather than relevant Supreme Court authority) (citing Early v. Packer, 537 U.S. 3 (2002) (applying § 2254(d) deferential review to claim dismissed by state court without citing controlling Supreme Court precedent)). Furthermore, petitioner fails to allege that the Supreme Court of Virginia unreasonably determined that petitioner knowingly and voluntarily entered his guilty plea.

Moreover, a review also reveals that petitioner can not establish counsel's ineffective assistance for this matter. See supra (finding no violation of the Sixth Amendment). Respondent attached state court records that included counsel's affidavit. The affidavit reveals the following

5

facts. Counsel appeared before the circuit court on June 3, 2008, to set petitioner's case for trial, but petitioner was not present. (Counsel's Aff. (no. 7, Ex. A Attch. 3) ¶ 6.) After discussing two different dates, one of which was not available to counsel, trial was set for October 20-21, 2008, twelve days outside the state statutory speedy trial date. (Id.) Counsel discussed the state statutory speedy trial issue with petitioner after setting the trial date. (Id.) Counsel advised petitioner that any request they made for a speedy trial at that time would likely result in the Commonwealth agreeing to an accelerated trial date or nolle prosequing the charges and restarting criminal process. (Id.) Counsel avers that, "[a]fter a lengthy discussion of all of these issues it was [petitioner]'s decision not to raise the speedy trial issue at that time." (Id.) On October 20, 2008, petitioner appeared for trial and entered his guilty plea, agreeing to plead guilty to the amended charge of second-degree murder instead of the charged crime of first-degree murder.

"Where a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir. 1989). See United States v. Williams, 631 F.2d 198, 204 (3d Cir. 1980) (finding no ineffective assistance of counsel where defendant ultimately concurred in his trial counsel's tactical decision). "To allow that would be to exempt defendants from the consequences of their actions at trial and would debase the right to effective assistance of counsel enshrined in the Sixth Amendment." Weaver, 882 F.2d at 1140. Petitioner did not controvert this information after the court issued a Roseboro notice and did not argue that the Supreme Court of Virginia unreasonably determined the facts of the case. Accordingly, petitioner fails to establish prejudice

or that counsel performed deficiently.

### III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the petition. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 26th day of March, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge